On June 6, 1998, Larry A. Spruce was charged with resisting arrest, in violation of R.C. 2921.33(A). The charge was filed as the result of Mr. Spruce's purported interference with attempts to arrest him by two Whitehall police officers during an incident at his girlfriend's apartment. Specifically, the complaint alleged that Mr. Spruce "by force * * *[,] refused to be handcuffed and pulled away from the officers." Details of the incident are set forth below.
Mr. Spruce ultimately waived his right to a jury trial and was tried by a judge of the Franklin County Municipal Court. Pursuant to an entry journalized October 14, 1998, the judge found him guilty and sentenced him to three days' incarceration, with all three credited for time served; and, ordered him to pay a $100 fine (enforcement of which was suspended), and costs.
Larry Spruce (hereinafter "appellant") has timely appealed his conviction, assigning two errors for our consideration:
 FIRST ASSIGNMENT OF ERROR: Appellant's convictions [sic] were not supported by the evidence and were against the manifest weight of the evidence.
 SECOND ASSIGNMENT OF ERROR: The court erroneously overruled appellant's motions for acquittal pursuant to Criminal Rule 29.
Appellant's assignments of error challenge both the manifest weight and sufficiency of the evidence. Since the issues presented require a review of the evidence adduced at trial, we discuss the purported errors jointly. Preliminarily, we set forth the similar, yet distinct, standards by which we are bound in addressing the assignments of error.
"The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. In Thompkins, the court explained at length the distinctions between the two standards:
 With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486 * * *. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, * * * citing Jackson v. Virginia (1979), 443 U.S. 307 * * *.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In Jenks, the Supreme Court set forth the stringent standard of review to be applied in a sufficiency analysis:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
In contrast, as explained in Thomkins, supra, a manifest weight analysis is slightly different:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487 * * *. Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's, supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 * * *. See, also, State v. Martin
(1983), 20 Ohio App.3d 172, 175 * * * ('The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.').
Pursuant to the foregoing standards, we examine the record in a light most favorable to the prosecution to determine if the prosecution proved beyond a reasonable doubt each element of the offense charged, and/or whether the jury trier of fact erred in convicting appellant.
Appellant was convicted of resisting arrest, in violation of R.C. 2921.33. In order to convict appellant of resisting arrest, the prosecution was required to prove that he "recklessly or by force * * * resist[ed] or interfere[d] with a lawful arrest * * *." R.C. 2921.33(A).
Evidence adduced at trial establishes the following facts. On June 6, 1998, Whitehall Police Officer Robert Wetzel was dispatched as a result of a call from a Carolyn Porter, who reported an "unwanted" man outside her door. When Wetzel arrived at Ms. Porter's apartment building, appellant was in a hallway knocking on her door. Officer James Cook then arrived. When Cook knocked on the door, Ms. Porter opened it.
According to Officer Wetzel, appellant tried to go into the apartment as Officer Cook was entering. Wetzel grabbed appellant's arm to prevent him from entering the apartment. Appellant pulled away from Officer Wetzel's grasp, knocked Officer Cook over, and ran into the apartment.
According to Officer Wetzel, appellant then "went after" a man in the apartment. Appellant yelled at the man and tried to hit him. A struggle ensued between appellant and Wetzel during which the officer was trying to handcuff appellant. When appellant continued to struggle, Officer Cook pepper-sprayed them.
Officer James Cook's testimony is corroborative of Wetzel's in all pertinent respects. Cook testified that, as appellant ran into the apartment, appellant "forearmed" him and caused him to fall. According to Officer Cook, he told appellant that he was under arrest. Appellant struggled and remained "violent" and "combative," even after he was pepper-sprayed. Cook testified that appellant had to be "forcibly handcuffed." Before appellant was finally subdued, Cook "put out an officer-in-trouble" call.
Appellant testified that he went to the apartment of Ms. Porter, his girlfriend, because he heard she had another man with her. According to appellant, he calmly told the officers that he "just wanted to see who he was." For reasons appellant did not understand, one officer grabbed him after they entered the apartment. Appellant was able to get away by shoving the officer's hands off of him, and he went toward the bedroom. When appellant started talking to the "other man," an officer pushed him up against the wall and bent his arm up behind his back. The officer said that he was "trying to handcuff" appellant. According to appellant, he was pepper-sprayed after he was handcuffed. He never heard either officer tell him that he was under arrest.
Appellant contends that the prosecution failed to establish that he knew he was being arrested; therefore, there was insufficient proof of each element of resisting arrest. We disagree.
Turning first to the requisite mental state, the record clearly supports a finding that appellant acted either forcefully or recklessly in resisting or interfering with the officers' attempt to arrest him.
"Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).
A finding of force is established by the testimony of the arresting officers. Again, Officer Wetzel testified that appellant pulled away from him as the officer attempted to grab appellant's arm in order to prevent appellant from entering the apartment. Appellant then forearmed Officer Cook and caused him to fall. Following this assault, Officer Cook told appellant that he was under arrest. Appellant remained combative, continuing the struggle even after the officer pepper-sprayed him.
Even if we were to determine that force was not demonstrated, the record clearly supports a finding, in the alternative, that appellant acted at least "recklessly," as defined by 2901.22(C):
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 As observed by the Supreme Court of Ohio in State v. Darrah (1980), 64 Ohio St.2d 22, 26, an arrest, "in the technical, as well as the common sense, signifies the apprehension of an individual or the restraint of a person's freedom in contemplation of the formal charging with a crime." (Emphasis added.)
The testimony establishes that appellant knew or should have known that the officers were attempting to arrest him, irrespective of whether he heard precise words to that effect. Common sense dictates that appellant simply disregarded, with at least indifference, the nature of his conduct and the circumstances surrounding the officers' readily apparent attempt to place him under arrest. Thus, the finding that appellant acted with force or recklessness in his interference with the arrest is supported by sufficient evidence and is not against the manifest weight of the evidence.
By its verdict, the trial court rejected appellant's version of the incident. As the finder of fact, the trial court acted well within its province in finding the officers' testimony credible and disbelieving all or part of appellant's account.
Upon careful consideration of the record, we find that the determination that appellant resisted his arrest is supported by sufficient evidence and, further, is not against the manifest weight of the evidence.
Based upon the foregoing, the assignments of error are overruled.
Having overruled the assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.